28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman NICHOLS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3137.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1994.
Decided July 7, 1994.
 
 Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 Background
 
 1
 Petitioner Sherman Nichols appeals from the denial of his motion to set aside judgment pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of counsel for failure to interview an exculpatory witness.
 
 
 2
 A jury convicted Nichols of the offenses of a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), and possession of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and use of a firearm in drug trafficking in violation of 18 U.S.C. Sec. 924(c). United States v. Nichols, 740 F.Supp. 1332 (N.D.Ill.1990). The conviction was affirmed on appeal. United States v. Nichols, 937 F.2d 1257 (7th Cir.1991), cert. denied, 112 S.Ct. 989 (1992).
 
 
 3
 The Sec. 2255 petition[1] stated that Nichols told his attorney "on several occasions both orally and in writing" about a witness named Israel Wallace, a/k/a Donald Thomas, who lived in the apartment where Nichols was arrested. The petition alleged that Wallace "had appeared in the courtroom on the day of trial in the event counsel wanted to call him."[2] Nichols stated that Wallace would "provide exculpatory evidence" and provide "the names and possible locations of other occurrence witnesses."
 
 
 4
 The government filed an affidavit of trial counsel, who reported that he met with Nichols six times at the prison and spoke to him on the telephone once or twice a week. Counsel stated further that, while Nichols had provided him with the name of Wallace, Nichols did not know where Wallace currently lived. Nichols never mentioned any other people, and the police reports contained no information about those persons. Counsel stated further that he had hired a private investigator prior to trial, and he accompanied the investigator to the building where Nichols was arrested in order to find any witnesses. Two residences of the building said they did not know about the arrest. Another resident remembered the arrest; she was called as a defense witness at trial. She did not know, however, the names of any other occupants of the apartment where the arrest occurred, and did not know where those people were currently living. Finally, counsel added: "Nichols never told me, during either trial, that a witness was sitting in the courtroom, or had arrived at the courthouse."
 
 
 5
 In response, Nicholas filed an affidavit from Wallace, then an inmate at a different prison. Wallace stated that it was his apartment that the police raided at the time of Nichols' arrest and that while 12 people were present in the apartment, the police arrested only Nichols because Nichols had his parole papers on his person. Wallace further stated, that the police found the gun and drugs in his bedroom while Nichols was in the living room. He also recounted that "at the time of the incident I informed the police that the apartment was mine and the confiscated guns and drugs were my property." At the "time of Mr. Nichols' trial," Wallace stated that he went to the courthouse, but that Nichols' defense counsel "was not there" and that he later telephoned the defense counsel and "spoke with [him] briefly." Wallace stated that after the defense counsel learned that he had a criminal record, he informed Wallace that he "would not be any good to Mr. Nichols."
 
 
 6
 Nichols also filed his own affidavit, where he reiterated that, contrary to his attorney's claim, he did provide the attorney with a list of names of people who were present in the apartment at the time of the arrest and that the attorney never met with him in prison. Additionally, Nichols claimed that a man named Jeffrey Stirling brought Wallace to the courthouse to meet with defense counsel.
 
 Discussion
 
 7
 Nichols contends that his trial counsel was constitutionally ineffective because he failed to interview Wallace. See Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove that his Sixth Amendment right to counsel has been violated, a defendant must show that deficiencies in his attorney's conduct actually prejudiced him by casting doubt on the reliability of the trial's outcome. United States v. Berkowitz, 927 F.2d 1376, 1381 (7th Cir.1991) (citations omitted). A defendant's burden in raising a claim of ineffective assistance of counsel is a heavy one, Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir.1987), and a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.
 
 
 8
 Effective assistance of counsel requires pretrial preparation and investigation. United States v. Weaver, 882 F.2d 1128, 1138 (7th Cir.), cert. denied, 493 U.S. 968 (1989). Nichols argues his attorney's failure to call Wallace as a witness prejudiced him because if the jury had heard Wallace testify that the gun and drugs belonged to him, the verdict would have been not guilty.
 
 
 9
 Even if we accept Nichols' allegations as true, we agree with the district court that Nichols has failed to show that his counsel's performance was deficient. Wallace had an extensive criminal record. Counsel interviewed him by telephone and made the obvious strategic decision, based on 17 years of practice as an attorney, that using Wallace as a witness would be more harmful than beneficial to the defense. Moreover, the investigation by defense counsel, who both investigated the case himself and hired a private investigator, was sufficient. Defense counsel and his investigator went door-to-door in the apartment building prior to the first trial, and obtained a witness for the defense.
 
 
 10
 Additionally, even if counsel's performance was considered deficient, and we emphasize that this is just an assumption, under the second prong of the Strickland test, no prejudice resulted. In examining the prejudice aspect, the question is whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). Even if Nichols' attorney had put Wallace on the stand and Wallace testified as promised, there is not a reasonable probability that the outcome of the proceeding would have been different.
 
 
 11
 The absence of prejudice is apparent from the evidence presented at trial. The police officers testified at trial that they observed Nichols standing in front of an apartment building "with the butt of a gun protruding from the waistband of his pants." Nichols, 740 F.Supp. at 1333. When the police approached him, Nichols fled into an apartment. The police broke down the door, entered the apartment and saw Nichols with his hands through a locked burglar gate at the rear of the kitchen. One officer saw Nichols drop the gun, and the other officer heard a loud thump, and a search revealed a handgun on the back porch. A custodial search of Nichols revealed a waist bag containing nine foil-wrapped packages of cocaine and $605 in cash. Given the credible evidence that Nichols himself was in possession of the gun and drugs, it would matter little if Wallace had testified at trial that he owned the gun and drugs. (We note further that Nichols' affidavit contradicts the affidavit of his sought-after witness, Wallace, on several points.) Also, there is nothing in the record supporting Nichols' assertion that Wallace could have helped counsel locate other potential witnesses. Wallace's affidavit does not state that he knew the whereabouts of any other people who were in the apartment at the time of the arrest.
 
 Conclusion
 
 12
 We conclude that nothing in the record indicates a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. For these reasons, the district court's denial of Nichols' Sec. 2255 petition is AFFIRMED.
 
 
 
 [1]
 The amended petition was filed with the assistance of appointed counsel
 
 
 [2]
 Nichols raised other contentions in his petition, but they have not been raised on appeal and therefore we need not discuss them